■ In the Matter of the Claim of BERNARD WINBER, Appellant, v. GOTTLIEB ADORN PRINTING CO., INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the claimant from a decision of the Workmen's Compensation Board denying compensation benefits to the claimant. Claimant, a compositor, suffered an injury to his lower back on November 3, 1958 while attempting to lift a type form. That disability resulted from this injury is not here disputed. The sole question is whether the board's finding that a subsequent reduction in earnings suffered in January, 1960 was not due to the disability but rather to the employer's economic condition is supported by substantial evidence. A reduction in earnings due solely to economic conditions is not compensable (*Matter of Haynos* v. *American Brass Co.,* 8 A D 2d 870). However, if the disability did, in fact, cause or contribute to reduced earnings an award must be made (*Matter of Croce* v. *Ford Motor Co.,* 307 N. Y. 125). The resolution of this issue in a given case is factual and thus the board's

determination if based on substantial evidence is not reviewable (see *Matter of Connor* v. *Bethlehem Steel Co.*, 11 A D 2d 578). There is testimony by the employer that only economic considerations caused claimant's pay to be reduced. This testimony was to the effect that general business conditions were poor at the time claimant's decrease took place and that just prior thereto a special contract had been lost on which claimant did primarily all the work, since he was the only compositor, and which had previously justified his receiving $32 above the union scale while all the rest of the employees received only the scale. The loss of this contract when coupled with the generally poor conditions necessitated a reduction in claimant's salary as an economy measure. Claimant discounts these economic reasons advanced by the employer on the grounds that he was the only employee who suffered a reduction in pay as result of such conditions and that at the time his wages were reduced two office workers were granted increases. He also points to the fact that a witness for the employer when asked if he felt claimant's wages would ever return to their former standard replied he felt it unlikely due to claimant's physical condition. The employer's reply was that since its other employees were being paid the minimum union scale, their pay could not be reduced, that no comparison can be made between pay policies with respect to production employees and office workers and that claimant, even after the reduction, was still receiving $10 above the union scale and received a $5 raise in October of 1960. On this state of the record we cannot disturb the determination of the board. Decision affirmed, without costs. Bergan, P. J., Gibson, Herlihy and Reynolds, JJ., concur.